UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYSON INTERNATIONAL COMPANY, LIMITED,<br><br>                  **Petitioner,**<br><br>-against-<br><br>PARTNER REINSURANCE EUROPE SE,<br>                  **Respondent.** | **1:25-cv-03452 (ALC)**<br><br><u>**CORRECTED**</u><br><br><u>**OPINION & ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Tyson International Company, Limited ("TICL") brought this action to vacate part of the arbitration award entered in its favor against Respondent Partner Reinsurance Europe SE ("PartnerRe"), or, in the alternative, to vacate the entire award and remand this matter to the panel for further proceedings. *See Tyson Int'l Co., Ltd. v. Partner Reinsurance Europe SE*, No. 1:25-mc-00167 (S.D.N.Y. April 18, 2025), Dkt. No. 1, Exhibit 6. Respondent filed a cross-motion to confirm the arbitration award. In connection with their motions, the Parties filed four separate motions to seal (Dkt. Nos. 15, 25, 33, 39). Three of the sealing motions were filed by Petitioner (Dkt. Nos. 15, 33, 39), and one of the sealing motions was filed by Respondents (Dkt. No. 25). For the reasons set forth below, the motions to seal are **GRANTED** in part and **DENIED** in part.

**LEGAL STANDARD**

**I: Motions to Seal In General**

There is a strong presumption of public access to judicial records and testimony used in Article III decision making. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The rationale is that transparency enables public monitoring that complements internal checks, promotes accountability, deters

1

arbitrary conduct, and sustains confidence in the courts. *Lugosch*, 435 F.3d at 119 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")). Therefore, the Second Circuit has outlined "a three-step process for determining whether documents should be placed under seal." *Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, 2012 U.S. Dist. LEXIS 118233, at *13 (S.D.N.Y. Aug. 21, 2012).

First, a court must determine whether the presumption of access attaches to the documents that a party wishes to seal. *Lugosch*, 435 F.3d at 119, 120. The common-law right of access attaches only to "judicial documents," but not all documents filed in connection with a lawsuit are judicial documents. For a document to qualify as a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.

Second, once a court has determined that a record qualifies as a judicial document, the court gauges how strong the presumption of access is by asking (1) how directly the material bears on the court's Article III decision making, and (2) how useful it is for public oversight. *Id.* Documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Id*. at 123. Materials central to the adjudication carry the greatest weight, while items before the court only to confirm their irrelevance carry little. *Id.*

Third, after assigning a weight to the presumption of access, the court balances it against competing interests, including potential harm to law enforcement or judicial efficiency and the privacy interests of those opposing disclosure. *Id.* at 120. Beyond the common law, the First Amendment confers a qualified "right to attend judicial proceedings and to access certain judicial documents." *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Courts use two tests to decide if the First Amendment protects access to judicial records.

*Id.* The "experience and logic" test asks whether the records have historically been open and whether "public access plays a significant positive role in the functioning of the particular process in question." *Id.* (citing *Hartford Courant Co*, 380 F.3d at 92 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986))). The second test asks whether the records are derived from, or necessary to, the public's ability to attend the proceeding. *Lugosch*, 435 F.3d at 120. Even if a qualified First Amendment right of access applies, the analysis continues. *Id.* "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*

**I: Motions to Seal in the Context of a Motion to Confirm/Vacate an Arbitration Award**

In the context of a motion to confirm an arbitration award, "[i]t is well settled that the petition, memoranda, and other supporting documents filed in connection with [the] petition . . . are 'judicial documents that directly affect[] the Court's adjudication' of that petition." *Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, 2012 U.S. Dist. LEXIS 118233, at *15 (S.D.N.Y. Aug. 21, 2012) (citation omitted; third alteration original). Therefore, where a party seeks to seal such documents, they "bear the burden of showing that sealing is necessary to preserve higher values." *Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, 2012 U.S. Dist. LEXIS 118233, at *15 (S.D.N.Y. Aug. 21, 2012). "The parties' interest in confidentiality for purposes of facilitating arbitration is a consideration supporting sealing." *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, 2024 WL 1974276, at *2

3

(S.D.N.Y. May 3, 2024). "The need to protect truly confidential commercial information can also support filing under seal." *Id*. at *3.

**DISCUSSION**

Here, Petitioner seeks to keep under seal the following:

- TICL's Petition to Vacate Portion of Arbitration Award (the "Petition") (Dkt. No. 16-1)

- The Memorandum of Law In Support of TICL's Petition (Dkt. No. 16-2)

- Exhibits A through W of the Declaration of John N. Ellison, dated April 25, 2025, in Support of TICL's Petition (Dkt. Nos 16-3–16-27)

- the Memorandum of Law in Support of TILC's Reply (Dkt. No. 31)

- Exhibits F and G to the Declaration of Nicholas M. Insua, dated July 23, 2025, in Support of TICL's Reply (Dkt. Nos. 32-6, 32-7)

- PartnerRe's Reply Memorandum of Law in Further Support of its Cross-Motion to Confirm the Award, filed on August 14, 2025 (Dkt. No. 37).

PartnerRe requests that Exhibits 3 and 6 to the Declaration of Victoria V. Corder, dated June 16, 2025, in support of the Cross-Motion (Dkt. Nos. 22-3 & 22-6) remain under seal in their entirety, and that PartnerRe's memorandum of law in support of the Cross-Motion and Corder Declaration be redacted to the extent they discuss or quote Exhibits 3 and 6. However, applying *Lugosch*, the Court finds no justification for all of these documents to remain under seal in their entirety.

Aside from the petition and memorandums of law that were filed, the Parties' exhibits fall into three main categories: (1) the contracts/policies at issue in the underlying dispute, (2) transcripts and opinions from the arbitration proceedings, and (3) internal correspondence related

4

to the dispute. The Parties concede that the documents they seek to seal are judicial documents. In addition, the Court concludes that materials the parties seek to seal are central to the adjudication, and thus the presumption of access attaches. Therefore, the Parties bear the burden of showing that sealing is necessary to preserve higher values.

In support of their motions to seal, both Parties argue that that publication of the documents listed above would vitiate one of the key protections parties enjoy through arbitration: confidentiality. Petitioner further argues that sealing is appropriate here because the documents it seeks to seal contain "sensitive, non-public financial and business information of TICL, PartnerRe, and certain non-parties." The Court, having reviewed each of the documents the Parties seek to seal, agrees that the documents in category one should remain under seal, but concludes that the Parties' requests to seal the documents in categories two and three are not narrow enough. The arbitration documents contain large portions of non-confidential non-commercial information, and the confidential commercial information that does appear in those documents could be redacted. The same is true of the correspondence between the parties. They contain strategic business information, the disclosure of which would give competitors an advantage. Accordingly, the requests to seal those documents in their entirety are **DENIED**, and the Parties are **ORDERED** to file redacted versions of the below-specified documents in categories two and three by **April 24, 2026**.

## CONCLUSION

For the foregoing reasons, the Motions to Seal are **GRANTED** with respect to Dkt. Nos. 16-1–16-2, 16-4, 16-6–16-10, 16-15, 16-18, 16-20–16-25, 31, and 37. However, the Parties' request to file Dkt. Nos. 16-3, 16-5, 16-11–16-14, 16-16–16-17, 16-19, 16-26–16-27, 32-6, and

32-7 under seal in their entirety is **DENIED**; those documents must be filed with proposed

redactions by **March 24, 2026**. The Clerk of Court is respectfully directed to strike the

Opinion and Order at Dkt. No. 42.


**SO ORDERED.**


**Dated: April 1, 2026**
**New York, New York**

_____
       **ANDREW L. CARTER, JR.**
       **United States District Judge**